Carole E. Handler  (SBN 129381)
chandler@eisnerlaw.com
Kathleen Cerniglia Hipps (SBN 268019)
Brianna Dahlberg  (SBN  280711)
bdahlberg@eisnerlaw.com
EISNER JAFFE
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California  90210
Telephone:  (310) 855-3200
Facsimile:  (310) 855-3201

Attorneys for Plaintiff, ORPHIC LLC

Elizabeth A. Bell (State Bar No. 205868)
ebell@elbelaw.com
8335 Sunset Boulevard, Suite 221
Los Angeles, CA 90069
Telephone:  (323) 306-4077
Fax:  (323) 656-1396

Attorney for Plaintiff
CURRADO MALASPINA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ORPHIC LLC, A California limited liability company; and CURRADO MALASPINA, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>MASSIMO NOCERNIO a/k/a MAX NOCE,  an individual; BRITTNEY HASTINGS, an individual; NOCE, LLC, a California limited liability company; and DOES 1-25,<br><br>Defendants.<br><br>and related Cross-complaint. | Case No. 2:14-CV-09471-DDP (PLAx)<br><br>The Honorable Dean D. Pregerson<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NOCE, LLC; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing:**<br><br>Date:      March 21, 2016<br>Time:     10:00 a.m.<br>Courtroom:  3 – 2nd Floor<br><br>Complaint Filed:  December 10, 2014<br>Trial Date:         August 9, 2016 |

**PLEASE TAKE NOTICE** that on March 21, 2016 at 10:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012 in Courtroom 3, plaintiffs Orphic LLC ("Orphic") and Currado Malaspina (collectively, "Plaintiffs") will and hereby do present their Application for Default Judgment against Defendant Noce, LLC ("Defendant"), a California limited liability company. This Motion is made pursuant to Federal Rule of Procedure 55(b) on the following grounds:

1. Defendant is in default with default entered upon it by the Court on December 8, 2015 (Dkt. # 46);

2. Defendant is not an infant, incompetent person, in military service or otherwise exempted under the Servicemembers Civil Relief Act (50 U.S.C. App. § 521);

3. Defendant initially appeared in this Action by filing an Answer (Dkt. # 12), but that Answer was stricken by this Court on December 3, 2015 (Dkt. # 43), and Defendant has not appeared in this Action since its Answer was stricken;

4. This notice of motion and motion for default judgment was served on Defendant as of the date this document was signed, by U.S. mail, as required by Local Rules 6-1 and 55-1(e), and Federal Rule of Civil Procedure 55(b)(2); and

5. Plaintiffs are entitled to judgment against Defendant pursuant to their claims for declaratory judgment, trademark infringement and false designation under the Lanham Act, unfair competition, accounting, and constructive trust pleaded in the Complaint.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the attached Declaration of Carole Handler in support thereof, the Court's file in this matter, and upon such other and further evidence as may be submitted at or before the time of the hearing.

**EISNER JAFFE**
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210

| | | |
|---|---|---|
| Dated: January 4, 2016 | | EISNER JAFFE |
| | | By: /s/ Carole E. Handler |
| | | Carole E. Handler |
| | | Attorneys for Plaintiff |
| | | ORPHIC, LLC |
| Dated: January 4, 2016 | | |
| | | By: /s/ Elizabeth A. Bell |
| | | Elizabeth A. Bell |
| | | Attorney for Plaintiff |
| | | CURRADO MALASPINA |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1
   A. Summary of Facts ........................................................................................... 1
   B. Procedural History .......................................................................................... 2
II. ARGUMENT .............................................................................................................. 3
   A. Plaintiffs Have Fulfilled the Procedural Requirements for a Default Judgment against Defendant Noce LLC ....................................................... 3
   B. Plaintiff is Entitled To Default Judgment ...................................................... 4
      1. First *Eitel* Factor ................................................................................. 5
      2. Second and Third *Eitel* Factors .......................................................... 5
      3. Fourth *Eitel* Factor ............................................................................. 7
      4. Fifth *Eitel* Factor ................................................................................ 7
      5. Sixth *Eitel* Factor ............................................................................... 8
      6. Seventh *Eitel* Factor .......................................................................... 8
   C. There Is No Just Reason for Delay ................................................................ 9
   D. The Remedies That Should Be Granted ...................................................... 10
      1. The Court Should Enter a Declaratory Judgment ............................. 10
      2. The Court Should Order an Accounting of Noce, LLC's Profits from its Infringement of the Orphic Marks ......................... 10
      3. The Court Should Enter a Permanent Injunction ............................. 10
III. CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240 (3rd Cir. 1983) .................................................................................................................. 11

*Cadence Design Sys., Inc. v. Avant! Corp.*,
    125 F.3d 824 (9th Cir.1997) .............................................................................. 11

*Chanel, Inc. v. Lin*,
    2010 WL 2557503, (N.D. Cal. 2010) ................................................................ 11

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
    840 F.2d 685 (9th Cir. 1988) .............................................................................. 4

*eBay, Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006) .......................................................................................... 11

*Elektra Entertainment Group Inc. v. Crawford*,
    226 F.R.D. 388 (C.D. Cal. 2005) .............................................................. 4, 5, 7, 8

*Geddes v. United Fin. Group*, 559 F.2d 557 (9th Cir. 1977) .................................. 5

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ............................................................................................ 6

*PepsiCo v. Triunfo-Mex, Inc.*,
    189 F.R.D. 431 (C.D. Cal. 1999) .................................................................. 4, 10

*Philip Morris USA, Inc. v. Castworld Products, Inc.*,
    219 F.R.D. 494 498 (C.D. Cal. 2003) ..................................................... 3, 5, 7, 8

*Pope v. United States*,
    323 U.S. 1 (1944) ................................................................................................ 5

*Rio Properties, Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ............................................................................ 8

*Shanghai Automation Instrument Co. v. Kuei*,
    194 F. Supp. 2d 995, (N.D. Cal. 2001) .............................................................. 9

*TeleVideo Sys., Inc. v. Heidenthal*,
    826 F.2d 915 (9th Cir. 1987) ......................................................................... 4, 8

**Statutes**

15 U.S.C. § 1117(a) ............................................................................................... 10

28 U.S.C. § 2201 .................................................................................................... 10

Cal. Bus. & Prof. Code §17200 ............................................................................... 6

Cal. Bus. Prof. Code §17203 ................................................................................. 11

California Business and Professions Code §17200 ....................................................... 11

Fed. R. Civ. P. 54(b) ........................................................................................................ 9

Fed. R. Civ. P. 55(b)(2) ................................................................................................. 10

**Other Authorities**

Lanham Act Section 43(a) ...................................................................................... passim

## I. INTRODU

Plaintiff
lawsuit agains
Brittney Hastir
Hastings, throu
retail fashion
authorization,
Orphic's comr
2013. On De
assignment tra
marks to Noc
("Handler Dec

Althoug
abandoned its
counsel filed a
permitted Noc
replacement c
against Noce,
judgment agai

### A. S

Plaintiff
business at 90
business of op
prestigious Su
owner (67%) c
that defendan
wrongfully ap

NOTICE O